Prob 12
(Rev. 3/88)

**FILED**

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

JAN 15 2008

CLERK COURT

U.S.A. vs. Wilfredo Ruiz                              Docket No. 99-00007-008 Erie

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Wilfredo Ruiz, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 24th day of October 2000, who fixed the period of supervision at five years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, but not to exceed the actual cost. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.
- The defendant shall pay a special assessment of $100.

10-24-00:   Conspiracy to Possess With Intent to Distribute in Excess of 50 Grams of Cocaine Base; 40 months' incarceration, 5 years' supervised release.
09-16-03:   Released to supervision; Currently supervised by U.S. Probation Officer Matthew L. Rea.
03-20-06:   Petition signed by Judge Cohill; Supervision condition added that the defendant shall be placed on home confinement for up to 90 days.
08-08-07:   Petition signed by Judge Cohill; Supervision condition added that the defendant shall undergo a mental health evaluation and participate in a mental health treatment program as provided by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the supervised releasee has violated the following conditions of his supervision:

**The defendant shall not commit another federal, state, or local crime.**

On May 14, 2005, the defendant was charged by the Lawrence Park Police Department with multiple counts of Criminal Mischief and summary vehicle offenses when he operated a vehicle that destroyed a telephone pole. On January 10, 2006, the defendant pled guilty and was sentenced on traffic fines and restitution totaling $4,439 on Docket No. 2445 of 2005, in the Erie County Court of Common Pleas.

U.S.A. vs. Wilfredo Ruiz
Docket No. 99-00007-008 Erie
Page 2

On September 16, 2006, the defendant was charged by the Millcreek Police Department for Retail Theft and Disorderly Conduct. On August 30, 2006, the Retail Theft was withdrawn, and the defendant pled guilty and was sentenced to 90 days' probation on Docket No. 3594 of 2005, in the Erie County Court of Common Pleas.

On or about April 30, 2007, the defendant was operating a motorcycle when he lost control and had an accident. On May 7, 2007, the Pennsylvania State Police charged the defendant with multiple moving violations and an Accident Involving Death or Personal Injury While not Properly Licensed. This case is scheduled for trial on February 12, 2008, in the Erie County Court of Common Pleas.

The defendant was cited by the Erie Police Department, Millcreek Police Department, and/or the Pennsylvania State Police on nine different dates beginning on February 7, 2004, to April 30, 2007, for either Driving While Operating Privileges are Suspended or Revoked, Driving Without a License, and or other driving violations.

An Erie Police Department criminal complaint filed on November 13, 2007, reflects that on or about November 1, 2007, the defendant held an aluminum bottle and struck a patron in the face which cut the patron's nose, broke his jaw in three places, and knocked him unconscious to the floor. The incident took place at the Cell Block, a local bar on State Street in Erie, Pennsylvania. The defendant posted a $7,500 bond on November 13, 2007. The defendant was charged with Aggravated and Simple Assault, Reckless Endangerment, and Possessing an Instrument of Crime. All charges were bond over to the Erie County Court of Common Pleas on December 12, 2007.

**The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

The defendant failed to inform this officer of contact with law enforcement on all nine of the traffic violations (listed above), and November 1, 2007, within 72 hours.

**The defendant shall not illegally possess a controlled substance.**

**The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**

The defendant submitted urine samples on November 6 and 18, 2003; and December 3, 2003; March 30, 2005; April 13, 2005; February 28, 2006; March 14 and 28, 2006, that tested positive for marijuana.

**The defendant shall report to the probation officer and shall submit a truthful and complete report within the first five days of each month.**

Mr. Ruiz also missed scheduled office appointments on March 7, 2006; June 26, 2007; July 17, 2007; and January 8, 2008.

U.S.A. vs. Wilfredo Ruiz
Docket No. 99-00007-008 Erie
Page 3

PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom No. 2, 2nd Floor, U.S. Courthouse, Erie, Pennsylvania, with legal counsel on _____ at _____, to show cause why supervision should not be revoked.

|  |  |
|---|---|
| **ORDER OF COURT** | I declare under penalty of perjury that the foregoing is true and correct. |
| Considered and ordered _____ day of _____ , \_\_\_\_ and ordered filed and a part of the records in the above case. | Executed on           January 15, 2008 |
| _____ Senior U.S. District Judge | Matthew L. Rea U.S. Probation Officer |
|  | Gerald R. Buban Supervising U.S. Probation Officer |
|  | Place:    Erie, PA |